Filed 6/4/25  In re R.N. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re R.N., a Person Coming Under the Juvenile Court Law. | H052426 (Santa Clara County Super. Ct. No. 23JV46311B) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>R.N.,<br><br>        Defendant and Appellant. | |

R.N. appeals from the juvenile court's order of wardship following a true finding that he inflicted corporal injury on a person with whom he was in a dating relationship. (Pen. Code, § 273.5, subd. (a).)[1]  On appeal, R.N.'s counsel has filed a brief which states the case but raises no issues, under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We advised R.N. of his right to submit written argument on his own behalf within 30 days and he has not done so.  Having independently reviewed the record, we find no arguable issue on appeal.

---

[1] Undesignated statutory references are to the Penal Code.

The Santa Clara County District Attorney filed a juvenile wardship petition against then 17-year-old R.N., alleging one count of inflicting corporal injury on Y.R., a person with whom he was in a dating relationship. (§ 273.5, subd. (a); Welf. & Inst. Code, § 602, subd. (a).) R.N. was already on probation, having been adjudged a ward of the juvenile court for a prior violation of section 273.5 against Y.R.

At the contested jurisdictional hearing, the juvenile court—over R.N.'s objection—admitted the prior incident of domestic violence under Evidence Code section 1109. The court denied R.N.'s motion to dismiss the petition under section 782 of the Welfare and Institutions Code.[2]

A witness testified that he encountered Y.R. after R.N. rear-ended the car the witness was driving. Y.R. was bleeding from her nose, crying, and seemed scared. The first thing Y.R. said to the witness was, "He's hitting me."[3] The witness told officers who responded to the scene that Y.R. told him R.N. punched her because he blamed her for the collision.

Recanting her prior statement, Y.R. testified that she sustained a bloody nose from the impact of the car accident, not because R.N. hit her. She claimed that what she said to the occupants of the other car was, "I hit myself," and that the witness misunderstood because illness had made her voice low and raspy, and the Spanish words for "he hit me" and "I hit myself" are similar. Y.R. admitted R.N. had punched, kicked, and strangled her on the prior occasion. Two officers responding to the scene that day opined that the low-impact collision seemed unlikely to have caused Y.R.'s injuries.

---

[2] Welfare and Institutions Code section 782, subdivision (a)(1) permits a court to "dismiss the petition, or . . . set aside the findings and dismiss the petition, if the court finds that the interests of justice and the welfare of the person who is the subject of the petition require that dismissal." It is a " ' "general dismissal statute' that is similar in its operation to Penal Code section 1385." ' " (*In re J.P.* (2023) 94 Cal.App.5th 74, 78.)

[3] The juvenile court ruled in limine that Y.R.'s out-of-court statement was admissible as a spontaneous statement under Evidence Code section 1240.

At the conclusion of the jurisdictional hearing, the court found true the offense as alleged and sustained the wardship petition. The court recognized it had discretion to deem the offense a misdemeanor or a felony and determined the offense to be a felony. The court found R.N. was subject to the firearm prohibition of section 29820.

At the disposition hearing, the court ordered that R.N. remain a ward of the court and be released to his parents under the supervision of probation. The court ordered R.N. to surrender any firearms and refrain from owning or possessing firearms until his 30th birthday. (§ 29820.) At R.N.'s request, the court struck fines and fees under *People v. Dueñas* (2019) 30 Cal.App.5th 1157. The court issued a no-contact restraining order at the district attorney's request, declining Y.R.'s request (conveyed by R.N.'s attorney) to permit peaceful contact. R.N. timely appealed from the judgment.

Having independently reviewed the record on appeal, we find no arguable issues. (*Wende*, *supra*, 25 Cal.3d 436, 441.)

The judgment is affirmed.

_____
LIE, J.

WE CONCUR:

_____
GREENWOOD, P. J.

_____
GROVER, J.

*People v. R.N.*
H052426